UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| OMAR CHAPA,<br><br>Plaintiff,<br><br>v.<br><br>MEHARRY MEDICAL COLLEGE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:23-cv-00842<br><br>JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion for summary judgment (Doc. No. 42, "Motion") filed by Defendant Meharry Medical College ("Meharry"). Supporting the Motion is a memorandum (Doc. No. 44), a statement of facts (Doc. No. 43, "SOF") comprising 69 purportedly material and undisputed facts along with various exhibits (Doc. Nos. 43-1 through 43-11) attached to the SOF.

Plaintiff has filed responses to the SOF (Doc. No. 47-1, "SOF Response"), in a document that also contains a statement by Plaintiff of "Additional Disputed Facts," (*id.* at 24-40). Plaintiff has also filed a response and memorandum of law opposing the Motion. (Doc. No. 47). Defendant filed a reply in further support of the Motion. (Doc. No. 52).

For the reasons described herein, the Motion is **DENIED**.

BACKGROUND

The present action, which the Court will summarize no more than is necessary for the narrow purposes of this Memorandum Opinion and Order, arises from events set out in the amended and now-operative complaint (Doc. No. 25, "Complaint") concerning: (i) alleged employment discrimination against Plaintiff on the basis of Plaintiff's race and national origin (*id.* at 9, Counts I & II); (ii) related alleged retaliation for Plaintiff's complaints and lawsuit regarding

said race and national origin discrimination (*id.* at 9-10, Count III); (iii) alleged disability discrimination and disability retaliation against Plaintiff (*id.* at 10-11, Counts IV & V); (iv) alleged retaliation against Plaintiff for taking alleged Family and Medical Leave Act ("FMLA") leave (*id.* at 11-12, Count VI); and (v) promissory estoppel for the alleged promise by (and associated failure of) Defendant to "reinstate" Plaintiff following his passing a "Step 3 examination" (*id.* at 12, Count VII). (*Id.* at 9-13). Via the Motion, Defendant contends that it is entitled to summary judgment on Plaintiff's claims. (Doc. No. 42).

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).[1] In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine

[1] The Court will provide an analysis of just what constitutes a "material" fact below.

issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[2] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004))).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## ANALYSIS

Ordinarily, when considering a motion for summary judgment, such as the instant Motion, the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically

[2] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to a fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact. This Court does likewise herein.

analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law.

However, the Court will eschew that approach here. As noted above, the SOF—filed in support of the Motion—contains *sixty-nine* purportedly material facts. Based on the length of the SOF, the Court will deny the Motion. The Court is justified in doing so on several grounds, as discussed below.

## I. The Local Rules, Conciseness, and Material Facts

The 2020 version of the Local Rules (hereinafter "2020 Local Rules," "2020 Local Rule" or "2020 LR")—the iteration of the Local Rules in effect as of May 5, 2025, the time that Defendant filed its Motion—provides various rules regarding what a summary judgment movant should do in bringing said motion. As relevant here, 2020 Local Rule 56.01(b) provides that "any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 must be accompanied by a separate, *concise* statement of the material facts as to which the moving party contends there is no genuine issue for trial." LR 56.01(b) (emphasis added).[3]

This Court previously analyzed 2020 Local Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

---

[3] The Court will refer herein to the statement of facts contemplated by 2020 Local Rule 56.01(b) as a "Rule 56.01 statement."

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed April 9, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed April 9, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed April 9, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely, "no longer than necessary." From all of this, the Court believes that when Local Rule 56.01 calls for a "concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the

beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Fed. R. Civ. P. 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a seemingly very broad standard, given the unclear and debatable boundaries of the notion of what "might affect the outcome of a lawsuit." Indeed, the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting a court in deciding a motion for summary judgment. And there is authority for the proposition that the standard is not nearly so broad as conceivably "might affect," at least in some minimal way, "the outcome of [a] suit." *Id.* As one district court in this circuit has stated, "a fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Westfield Ins. Co. v. Enter. 522, LLC*, 34 F. Supp. 3d 737, 743 (E.D. Mich. 2014) (citing *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984)).[4] To state *Kendall's* definition more precisely:

> A fact is "material" and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties.

*Kendall*, 751 F.2d 171 at 174 (quoting Black's Law Dictionary 881 (6th ed. 1979) (quoting *Johnson v. Soulis, Wyo.,* 542 P.2d 867, 872 (1975))). In a recent version of Section 2725 of Wright

[4] *Kendall* was decided before *Celotex* but is recognized (as in *Westfield Ins. Co*.) as still good law, including on the points for which the Court cites it herein.

& Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors state:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it *tends to resolve* any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they *constitute a legal defense*, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is *so essential that the party against whom it is decided cannot prevail*. On the other hand, a factual issue that is not *necessary* to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016) (emphasis added). Notably, *everything* in this passage suggests the kind of narrow view of materiality embraced by *Kendall,* except where it (incongruously, in the view of the undersigned) ditches that approach with a suggestion that a fact can be material if it merely "*might* affect the result of the action." *Id.* (emphasis added).

Although these observations are of some help in grasping the notion of "material fact," the reality is that the precise boundaries of that notion remain somewhat obscure. But those boundaries can be (and need to be) identified to some extent. Ultimately the Court concludes from its survey of applicable authority that "materiality"—even if not as narrow as *Kendall* indicates—plainly is not nearly broad enough to encompass every discrete fact that merely contributes incrementally to a factual narrative that, when combined with a legal argument, justifies summary judgment. Such facts are garden-variety relevant facts rather than material facts, and confusion is sown when they are presented by a summary judgment movant as material facts.

The Court recognizes that a summary judgment movant cannot be faulted for including in its Rule 56.01 statement every fact that it properly identifies as material, no matter how many other material facts are included therein. As the plain goal of a Rule 56.01 statement is presenting all material facts to the court, no material fact should be excluded on the grounds that there are already

too many (other) material facts. But a statement of fact should be excluded from a Rule 56.01 statement if, properly understood, it is (i) not a statement of *fact* at all or (ii) a statement of fact but not properly considered a statement of *material* fact. Unfortunately, the Court often sees summary judgment movants inaptly include, in a Rule 56.01 statement, these two categories of factual statements (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden-variety "relevant" fact and a fact that is material. That focus is crucial because, of course, "the essential inquiry concerning a motion for summary judgment is whether there exists a genuine issue as to any *material* fact—not whether there is a genuine issue as to *any* fact." *Kendall*, 751 F.2d at 174 (emphasis original).

The upshot is that a Rule 56.01 statement should, by including only material facts, always exclude garden-variety relevant facts. And the frequent failure of summary judgment movants to so exclude garden-variety relevant facts is odd because, as explained below, it is counterproductive to over-classify facts as material. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a summary judgment movant (be it a defendant or, less frequently, a plaintiff) will be successful only if it "shows *that there is no genuine dispute as to any material fact* and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This means (among other things) that the movant must show that, as to *each and every* material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* (rather than *more*) material facts, the movant persuades the court that the movant has less that it needs to achieve—i.e., fewer alleged facts to establish (or debunk)—in order to be granted summary judgment. Conversely, the *more* material facts a movant posits, the greater the possibility that the court will deny the motion

for summary judgment based on the existence of a genuine issue as to any single purported material[5] fact. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid placing upon oneself the burden of showing the indisputability of more facts than are actually necessary to be shown to be indisputable. So in the Court's eyes, summary judgment movants have every incentive to minimize, to the fullest possible (ethical) extent, the number of material facts. But unfortunately, often they seem not to realize this.[6] Perhaps this is because summary judgment movants believe that they are being more thorough by being more inclusive; if so, that is a significant and unfortunate miscalculation because they are not being more thorough but rather less focused (and, relatedly, non-compliant with LR 56.01(b)).

The Court discerns that there are two critical defects with respect to the SOF, so as to justify the denial of the Motion. First, the Court discerns that the SOF is not nearly *concise* as required by Local Rule 56.01(b). Even a brief review of the SOF reveals numerous purportedly material facts that, in the view of the Court, are in actuality entirely immaterial because (a) the existence or non-existence of those facts would have no effect whatsoever on the outcome of the lawsuit and (b) determining whether those facts exist certainly is not necessary to the Court's decision on the instant Motion. For example, thirteen facts in the SOF merely recite Defendant's understanding of Plaintiff's beliefs regarding the reason(s) for various actions taken by Defendant's employees or

[5] Purported, that is, by the movant itself.

[6] That is to say, Defendant is far from the only defendant-movant to have taken the kind of approach that Defendant took regarding its SOF and far from the first defendant to suffer the same result that Defendant hereby suffers. But Defendant cannot avoid that result based on the fact that its (defective) approach regarding its SOF is not particularly uncommon.

alleged preferences of (or preferential treatment of certain kinds of persons by) Defendant's employees. (Doc. No. 43 at ¶¶ 4-9, 17-19, 58, 66-68). And a fourteenth fact in the SOF concerns Plaintiff's belief about what did (or did not) happen to a Nigerian resident whom Plaintiff had "heard" had committed sexual harassment. (*Id.* at ¶ 65). But Plaintiff's mere beliefs on these matters plainly are not material as to any of Plaintiff's claims and thus should be excluded from Defendant's SOF—even if some of those beliefs might appropriately be referred to (in *briefing*) to provide *context* for Defendant's arguments as to why Plaintiff's claims fail as a matter of law based on actually material facts as to which there exists no genuine dispute.

At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how these purportedly material facts (in addition to several other particular facts throughout the SOF) are even arguably material to any of Plaintiff's pending claims. The Court perceives that many of the facts stated by Defendant simply cannot be construed as material.[7]

And consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, this leads the Court to conclude that the SOF—because it includes facts that are plainly not *material*—is not in fact *concise* as required by Local Rule 56.01(b) and is thus in violation of Local Rule 56.01(b). This non-compliance with Local Rule 56.01(b) alone provides the Court with a basis to deny the Motion. *See Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local Rules); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

---

[7] This is so even under the dubiously broader definition of "material"—i.e., when a fact's existence or nonexistence *might* affect the case's outcome—alluded to in Section 2725 of Wright & Miller discussed above. Why? Because, when considered individually, each of Defendant's "material" facts identified above lacks even the *potential* of *changing* this case's *outcome.*

But even if the Court were to conclude that the SOF was concise as required by Local Rule 56.01(b)—i.e., if the Court accepted that each of the facts included in the SOF was in fact material—this would not save the Motion. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), make clear that a movant for summary judgment (in this case Defendant) must remove every genuine issue of material fact. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial. Here, Defendant contends that there are *sixty-nine* material facts. So, under Defendant's own theory, Defendant must show *that there is no genuine dispute as to any* of these sixty-nine (purportedly) material facts in order to be entitled to summary judgment. If even *one* of these sixty-nine (purportedly) material facts is in genuine dispute, then it would follow (under Defendant's own theory) that Defendant is *not* entitled to summary judgment. By the Court's count, Plaintiff disputes, in whole or in part, eleven of the facts in the SOF (Doc. No. 47-1 at ¶¶ 11-14, 23, 25, 37, 41, 46, 48, 50). Furthermore, Plaintiff contests another twenty-eight of the facts in the SOF as requiring clarification. (*See id.* at ¶¶ 4-5, 16, 18-19, 26, 28-29, 33-36, 38-40, 42, 44-45, 47, 51-58, 50). Given not just the plethora of (purportedly) material facts that Defendant has submitted along with its Motion, but also the sheer number of these facts that Plaintiff contends are in fact *in genuine dispute* or require clarification, the Court discerns that it is mathematically unlikely that Defendant will be able to show that all of its (purportedly) material facts are *not* in genuine dispute as required for Defendant to obtain summary judgment in full.[8] This provides a further justification for denying the Motion.

[8] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Defendant could go 69 for 69—or that Plaintiff could go 0 for 69—on Defendant's

To the extent that the reader (or the parties, and especially Defendant) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny the Motion: the parties in this action were repeatedly ordered to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary judgment movant's statement of undisputed material facts. Indeed, in the initial case management order (Doc. No. 14), the Magistrate Judge ordered:

> All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

(*Id.* at 6). Moreover, the Court provided in two orders setting this case for trial:

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

(Doc. No. 15 at 3, Doc. No. 37 at 3). So Defendant has thrice been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. And yet Defendant has failed to follow this Court's guidance in *McLemore*—

---

factual assertions. But as a matter of mathematical probability, it seems implausible. And in deciding whether the metaphorical juice is worth the squeeze required to assess the purported indisputability (or undisputedness) of each and every one of sixty-nine different purported facts, the Court has the prerogative to take this reality into account.

primarily by filing a statement of facts that includes numerous non-material facts and thus is not concise as required by Local Rule 56.01(b). The failure of Defendant to adhere to *McLemore*, despite this Court's orders, provides further support for this Court's decision to deny the Motion.

**II. The Court's Discretion to Deny the Motion**

Even assuming (contrary to the Court's conclusions above) that (1) Defendant had filed a statement of fact that was concise so as to be in compliance with Local Rule 56.01(b), (2) Defendant had demonstrated that all of the (purportedly) material facts in the SOF were not in genuine dispute, and (3) Defendant had otherwise met its burden as a summary judgment movant, the Court still would have the discretion to do what it has explicitly decided to do here: deny the Motion and manage the case by deciding to deal with all contested issues by developing a more fulsome factual record at trial rather than expending the (substantial) judicial resources necessary to dispose of the Motion. *See Rago v. Select Comfort Retail Corp.*, No. EDCV192291FMOSPX, 2021 WL 5861555, at *2 (C.D. Cal. June 2, 2021) (collecting cases); *Rocky Brands, Inc. v. Red Wing Shoe Co., Inc*., No. 2:06-CV-00275, 2009 WL 10679648, at *1-2 (S.D. Ohio Feb. 11, 2009) ("It is the judgment of this Court that disposing of the pending summary judgment motions in this case would require as much time and resources as a full trial on the merits. Accordingly, the Court, in its discretion, DENIES the parties' summary judgment motions . . . . " (citing *Local Union No. 4343 of United Mine Workers of Am. v. Old Ben Coal Co.,* 762 F. Supp. 251, 253 (S.D. Ind. 1991))); *Local Union No. 4343*, 662 F. Supp. at 253 ("[I]f disposing of a summary judgment motion requires as much time as a full trial on the merits, Rule 56 no longer serves the purpose of economizing the court's and litigants' time, and as such, should be denied." (citing, *inter alia*, 10 Wright and Miller, Federal Practice and Procedure, Summary Judgment Proceedings § 2728 at 557-558)). As a district court in this circuit has noted:

> Given the volume of papers in the record and the complexity of the proposed facts as highlighted by the parties' recent filings, the Court is satisfied that the effort necessary to make the determination whether there are genuine issues of material fact requiring trial is not a productive use of its time. The better course is to require the case to be set down for separate trials. Even if the Court were to find that defendants had carried their burden, the Court would doubt the wisdom of granting summary judgment and terminating the case prior to trial. In such a circumstance, the Court has discretion to deny the motion. *See* 10 A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2728 (3ed.1998).

*Propps v. 9008 Grp., Inc.*, No. 03-71166, 2006 WL 2124242, at *1 (E.D. Mich. July 27, 2006). And with respect to the Motion, given some of the motion-specific observations made above, the Court discerns that resolving the instant Motion (with the attention it deserves) on the merits might well require more judicial resources than for this case to go to trial.[9] And, of course, if the Motion were to be decided and *denied* (in whole or even in part), then the resources spent on the Motion's resolution could be entirely in addition, rather than alternative, to the resources spent on a trial.[10]

Moreover, as shown by the cases just reviewed above, the Court is well within its discretion to deny the Motion on these grounds. *See also Anderson*, 477 U.S. at 255 ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."); *United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it

[9] The Court says this given the modest number and the interrelated nature of Plaintiff's claims and the parties' estimation (although rendered in the context of the original complaint) that the trial would take approximately 3 days, (Doc. No. 14 at 7), a duration that is not especially short for a trial but also not particularly long. This does not appear to be a case that would require much judicial elbow grease in performing the judge's out-of-court trial work, such as crafting jury instructions. Further, the Court knows from experience what kinds and (perhaps surprisingly very large) amounts of resources it needs to and does devote to a summary judgment motion that shakes out like this one does.

[10] This reality takes away some of the force of a legitimate argument against the approach that the Court is taking here: that *if* the motion for summary judgment *were* to be granted in full, that would save (potential) jurors time and effort that they will have to expend deciding the case after the denial of the motion for summary judgment (assuming, that is, that the case does not settle before trial).

believes the case will benefit from a full hearing."); *Gott v. Neuman & Esser USA, Inc.*, No. 1:19-CV-4, 2019 WL 11271173, at *2 (E.D. Tenn. Apr. 25, 2019) ("[a] district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." (quoting *Veillon v. Expl. Servs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989))).

The Court notes that the parties' effort expended in briefing the Motion ultimately should prove not to have gone to waste, but rather to be a great aide in preparing for trial—and to the extent that the effort does prove wasted, the Court believes that such waste falls at the feet of the parties (and Defendant in particular).[11]

## CONCLUSION

Accordingly, for the reasons discussed herein, the Motion (Doc. No. 42) is **DENIED**.[12]

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[11] One final observation is worth stating. One might protest that the length of, and depth of discussion in, the instant Memorandum Opinion and Order is inconsistent with the Court's asserted need to preserve judicial resources. To that, the Court would respond that for multiple reasons, preparation of the instant Memorandum Opinion and Order actually involved substantially less of a time investment than the content of the Memorandum Opinion and Order might indicate.

[12] The Court notes that "Defendant Meharry Medical College's Partial Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 28) remains pending, a fact that the Court regrets. The Court, aware that the weight of its docket has kept that motion pending for too long, is prioritizing a decision on that motion.